UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

v.

BEST COMFORT CARE TRANSPORTATION,
INC., S&R TRANSPORTATION, INC. and RIYAD
ABDEL AZIZ, Individually and as Officer,

                Defendants.
------------------------------------------------------------

Civil Action No. 20-cv-1265 (DNH/TWD)



U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
NOV 1 0 2020
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Utica

## CONSENT JUDGMENT

Plaintiff, EUGENE SCALIA, Secretary of Labor ("Plaintiff"), United States Department of Labor, has filed his complaint and defendants BEST COMFORT CARE TRANSPORTATION, INC., S&R TRANSPORTATION, INC. and RIYAD ABDEL AZIZ, Individually and as an Officer (Corporate Defendants and individual defendants together, "Defendants") have appeared by counsel, waive their answer, and agree to entry of this Consent Judgment in full settlement of the claims which have been made or asserted in this action. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint

Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.

    1.    The Secretary's complaint alleges that Defendants willfully violated sections 7 and 11(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) (the "Act"

or "FLSA") by failing to pay their employees overtime wages and failing to make, keep, and preserve adequate and accurate records.

2.     Defendants Best Comfort Care Transportation, Inc. and S&R Transportation, Inc. agree that, during the relevant time, they were each a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act applied to Defendants.

3.     Defendant Riyad Abdel Aziz agrees that, during the relevant time, he was an employer under section 3(d) of the Act and that the provisions of the Act applied to him.

4.     Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

5.     Plaintiff alleges that defendants willfully violated certain provisions of the Act. Specifically, Plaintiff alleges that that many of defendants' employees routinely worked in excess of 40 hours per week as drivers, transporting the corporate defendants' clients to medical appointments. Plaintiff further alleges that:

6.     Between February 7, 2017 and July 28, 2019, Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by failing to pay all employees time and one half their regular rate for hours worked over 40 and instead paying some employees straight time for hours over 40; and

7.     between February 7, 2017 and July 28, 2019, Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by paying some of their employees no wages for some hours over 40 worked in a workweek;

2

8. between July 7, 2017 and July 28, 2019, Defendants did not make, keep and preserve accurate or complete records of all wages, hours, and other conditions and practices of employment maintained by them as required by Sections 11(c) and 15(a)(5) of the Act, and as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the Act.

9. Defendants agree to the terms of the settlement in order to avoid the expense of litigating this matter.

It is, therefore, upon motion of the attorneys for Plaintiff and for good cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act on and in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which may in the future become, applicable under Section 6 of the Act.

(2) Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the

   prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in, or is believed to have engaged in, any of the following activities:

 (a) Discloses, protests, or threatens to disclose or protest to a supervisor or to a public agency any activity, policy, or practice of Defendants, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

 (b) Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by Defendants or another employer with whom there is a business relationship; or

 (c) Objects to, or refuses to participate in any activity, policy or practice of Defendants or another employer with whom there is a business relationship that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

(5)  Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the U.S. Department of Labor, or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

II.  Upon the parties' agreement that unpaid overtime back wages are owed and shall be paid to the current and former employees listed in Exhibit A, which is attached hereto, in the amount of **$25,000.00**, plus an equal additional amount of liquidated damages of **$25,000.00** for a grand total amount due ("Total Amount Due") of **$50,000**, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$25,000.00** in unpaid overtime back wages owed to their current and former employees in the amounts listed opposite their names on Exhibit A. It is further ORDERED that Defendants shall pay a total of **$25,000.00** in liquidated damages to their current and former employees in the amounts listed opposite their names on Exhibit A. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

III.  The provisions of this Consent Judgement relative to payment of back wages and liquidated damages shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below. Payment shall be made as set forth below:

(1) Payment in full of the $50,0000.00 owed must be received by the U.S. Department of Labor within 20 days of the entry of this Consent Judgment.

(2) Defendants shall make the payment specified in Paragraph III.1 by ACH transfer, credit card, debit card, or digit wallet, using the U.S. Department of Labor's electronic

payment portal at http://pay.gov/public/form/start/77689032, and then:

    1. Select "Continue to the Form" and complete the required fields.

    2. The "BW Case Number" are Case No. **1886965**.

    3. The "Date of Assessment" is the date of the Order.

IV. Plaintiff shall distribute Defendants' back wage and liquidated damages payments less any legal deductions, to the current and former employees, or to their estates, as set forth in Exhibit A. Any amounts of unpaid compensation and liquidated damages not distributed to the employees or to their personal representatives or estates within a period of three years, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited in the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. § 216(c). Defendants remain responsible for the employers' share of any applicable employment taxes on the back wages due.

V. Within 30 calendar days of the date of entry of this Consent Judgment, Defendants shall provide to Plaintiff the social security numbers, if such is available, last known telephone numbers, email addresses and last known mailing addresses of each current and former employee named in Exhibit A, to the extent such are available to Defendants.

VI. Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly demand, require or accept any of the back wages or liquidated damages from any person listed in Exhibit A or from their personal representatives or estates. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph VI may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

VII. If Defendants fail to make the payments as set forth in Paragraph III, a seven calendar-day grace period shall be allowed for receipt of such payment. If the U.S. Department of Labor does not receive the payments by the eighth calendar day after which they are due, the U.S. Department of Labor's representatives will notify Defendants through Defendant Riyad Abdel Aziz as point of contact by email srmed9@aol.com or phone (315) 427-6450. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in Mr. Aziz's contact information. If the U.S. Department of Labor does not receive payment within 10 days of notifying Defendant Riyad Aziz of an overdue payment, then the total amount due under this Judgment of $50,000.00, less any amounts already received by the Secretary pursuant to this Judgment, shall become due immediately and the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. No action or non-action by the Secretary shall constitute a waiver of this paragraph. If a Receiver is appointed:

(1) Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information that the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

(2) All the expenses of the accountant or Receiver shall be borne solely by Defendants.

(3) If the Court appoints a Receiver, the Receiver shall serve until the full payment of the monetary terms of this Consent Judgment are satisfied.

(4) The Receiver shall have full authority to: collect Defendants' assets and report his/her findings to the Court and the parties; redeem and/or liquidate Defendants' assets and turn over the proceeds to Plaintiff; if the asset is a debt that is due, collect it and turn over the proceeds to Plaintiff; analyze all indebtedness and where deemed appropriate seek restructuring; analyze all

transfers of Defendants' assets; prevent waste or fraud; and do all acts and take all measures necessary or proper for the efficient performance of Defendants' duties under this Consent Judgment.

VIII. ORDERED that Defendants shall post the FLSA flyers listed in Paragraph IX below as well as the attached Exhibit B. Defendants shall post the flyers and Exhibit B within 30 calendar days of the date of entry of this Consent Judgment. Defendants shall display the flyers and Exhibit B at its main office located at 335 Riegel Street, Syracuse, New York and shall permanently maintain them in a conspicuous place for two years.

IX. ORDERED that Defendants shall distribute a copy of the flyers entitled "Employee Rights Under the Fair Labor Standards Act" and "Fact Sheet #23: Overtime Pay Requirements of the FLSA," as issued by the U.S. Department of Labor. Defendants shall distribute these copies to each current employee within 20 calendar days of the date of entry of this Consent Judgment. Thereafter, Defendants shall provide these flyers at the time of hire to any new employee who is hired within two years of the entry of this Consent Judgment.

X. ORDERED that Defendants shall distribute a copy of the attached Exhibit B to each current employee within 20 calendar days of the date of entry of this Consent Judgment.

XI. ORDERED that Defendants shall implement the following provisions to ensure their compliance with the Act:

> a. Defendants shall adopt a FLSA-compliant timekeeping system and utilize such system for all employees of each corporate defendant, whether part-time, full-time, or temporary, to accurately reflect the time each employee begins and finishes the workday for each corporate defendant and any breaks taken by each employee.

    b. Defendants shall not edit or alter employees' hours worked in their timekeeping system in any way that does not accurately reflect employees' actual hours worked.

    c. Defendants shall make and maintain records of total daily or weekly straight time earning or wages due for hours worked during the workday or work week, exclusive of premium overtime compensation; total premium pay for overtime hours; and total wages paid, regardless of the form of compensation, in accordance with 29 C.F.R. § 516.2.

XII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against any of Defendants under Section 16(b) of the Act, or likewise for any current or former employee listed in Exhibit A of this Consent Judgment to file any action against any of Defendants under Section 16(b) of the Act for any violations alleged to have occurred after July 28, 2019.

XIII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XIV. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED: November 10, 2020

SO ORDERED:

9

HONORABLE
UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Consent Judgment.

**BEST COMFORT CARE TRANSPORTATION, INC.**

By: _____   DATE: 10-7-2020
TINA PAUL
Owner

**S&R TRANSPORTATION, INC.**

By: _____   DATE: 10/7/20
RIYAD ABDEL AZIZ
Owner

_____   DATE: 10/7/20
RIYAD ABDEL AZIZ, Individually

_____   DATE: 10/7/20
ANDREW BOBREK
Bond, Schoeneck & King
One Lincoln Center
110 West Fayette Street
Syracuse, NY 13202-1355
bobreka@bsk.com
*Attorney for Defendants*

STATE OF New York )
                                    :SS:
COUNTY OF Onondaga )

ANDREW D. BOBREK
Notary Public, State of New York
Qualified in Onondaga Co. No. 02BO6189488
My Commission Expires June 23, 20 24

On the 7 day of October 2020 before me came **TINA PAUL**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **BEST COMFORT CARE TRANSPORTATION, INC.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

STATE OF New York )
                                        :SS:
COUNTY OF Onondaga )

On the 7 day of October 2020 before me came **RIYAD ABDEL AZIZ**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **S&R TRANSPORTATION, INC.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

STATE OF New York )
                                        :SS:
COUNTY OF Onondaga )

On the 7 day of October 2020 before me came **RIYAD ABDEL AZIZ**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANDREW D. BOBREK
Notary Public, State of New York
Qualified in Onondaga Co. No. 02BO6189488
My Commission Expires June 23, 20__

11

## EXHIBIT A
## Back Wages and Liquidated Damages

|   | Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|---|
| 1. | Thomas Scovile | $1,015.65 | $1,015.65 | $2,031.30 |
| 2. | Muhammed Shehadeh | $1,091.84 | $1,091.84 | $2,183.68 |
| 3. | Ahmed Shqair | $9,898.31 | $9,898.31 | $19,796.62 |
| 4. | Lonny Spivey | $9,140.25 | $9,140.25 | $18,280.50 |
| 5. | Waleed Waleed | $1,552.09 | $1,552.09 | $3,104.18 |
| 6. | Michael Williams | $2,301.86 | $2,301.86 | $4,603.72 |
| **TOTAL** | | $25,000.00 | $25,000.00 | $50,000.00 |

# **EXHIBIT B**
## Notice to Employees

Best Comfort Care Transportation, Inc., S&R Transportation, Inc. and Riyad Abdel Aziz (together "Defendants") have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement pertaining to their employees. The settlement agreement has been approved by a judge.

Under the settlement agreement, Defendants will pay the U.S. Department of Labor back wages for certain current and former employees who worked as drivers at their companies from July 7, 2017 to July 28, 2019, and the Department of Labor will distribute the back wages directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for Riyad Abdel Aziz, the Defendants, or any person acting on their behalf, to ask for this money back or ask you to give up your current or future wages to get money from the settlement.

You are protected by the Fair Labor Standards Act (FLSA), and it is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way, or threaten to do any of these things for accepting settlement money or refusing to return any money paid to you as part of the settlement with the U.S. Department of Labor. Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you have been retaliated against, or if you need to update your contact information, please call Investigator James Hastings at the U.S. Department of Labor at (315) 793-2910. Your name will be kept confidential to the maximum extent permitted by law.